FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 05 2009

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN – DIVISION 4

| | |
|---|---|
| NATALIE JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4・09-CV-0412 SWW |
| v. ) | |
| ) | This case assigned to District Judge Wright |
| ANDERSON CRENSHAW ) | and to Magistrate Judge Young |
| & ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, NATALIE JAMES, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ANDERSON CRENSHAW & ASSOCIATES, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. NATALIE JAMES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Little Rock, County of Pulaski, State of Arkansas.

1

5. ANDERSON CRENSHAW & ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is registered as a Limited Liability Company in the State of Texas.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

9. On or about January 19, 2009, Plaintiff received a telephone call from Gloria, a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff.

10. The alleged debt of Plaintiff was incurred primarily for personal, family, or household services.

11. During the course of a follow up telephone call between Plaintiff and Defendant, Defendant stated that Plaintiff owed approximately $3,000.00.

12. Plaintiff disputed the amount of the debt and asked Defendant to provide validation of the debt.

13. Defendant stated that it had already sent validation; Plaintiff advised Defendant that she had received no such validation.

14. Defendant refused to provide any validation of the debt allegedly owed by Plaintiff.

15. During the course of myriad follow up telephone calls to Defendant, Plaintiff repeatedly requested that Defendant provide validation of the debt; no such validation was ever provided by Defendant to Plaintiff.

16. On a number of occasions, when Plaintiff requested a validation of the debt that she allegedly owed, Defendant intentionally disconnected the call.

17. Defendant told Plaintiff that she was a bad person who just does not like to pay her bills.

18. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

  a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

  b. Failed to comply in any way with 15 U.S.C. §1692g by failing to send a validation letter and continuing collection activities;

  c. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

  d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

21. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NATALIE JAMES, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
NATALIE JAMES

By: _____
Larry P. Smith
Attorney for Plaintiff

Dated: June 1, 2009

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x811)
Facsimile: (888) 418-1277
E-Mail: lsmith@smithlaw.us